**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMANTHA FINCH, | No. 17-15207 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01503-SRB |
| v. | |
| MOUNTAIN PARK HEALTH CENTER, a corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Samantha Finch appeals pro se from the district court's judgment dismissing

her action alleging claims under Title VII and the Fair Labor Standards Act. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

dismissal for failure to comply with court orders. *In re Phenylpropanolamine*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*(PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). We affirm.

The district court did not abuse its discretion by dismissing Finch's action because Finch failed to comply with the district court's orders to file a fourth amended complaint after the district court warned her twice that failure to comply would result in dismissal of her action. *See id.* at 1226-29 (discussing the five factors the district court must weigh before dismissing a case for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (although preferred, the district court is not required to make explicit findings; this court may review the record independently to determine if the district court has abused its discretion).

Because we affirm the district court's dismissal of Finch's action for failure to comply with court orders, we do not consider Finch's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

We reject as unsupported by the record and without merit Finch's contentions that the district court was biased or engaged in misconduct.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties' requests for sanctions, set forth in the answering and reply briefs, are denied.

Defendants' request for attorney's fees and costs, set forth in the answering brief, is denied without prejudice to re-filing in compliance with Federal Rule of Appellate Procedure 39 and Ninth Circuit Rule 39-1.

**AFFIRMED.**

17-15207